### BULSON v. TOWN OF GREEN ISLAND.

(Supreme Court, Special Term, Albany County.  April, 1902.)

1. TOWNS—DIVISION—PRIOR LIABILITIES.

Laws 1891, c. 239, provided that the expense of operating a state bridge should be borne by a certain town. This town was afterwards divided, and the act creating a new town from one of such parts provided that all special laws relating to the original town were repealed so far as they related to the new town to be created. *Held*, that the new town was free from liability for any part of the expense of operating the bridge, incurred after the new city's creation.

2. SAME—STATUTORY PROVISIONS.

Laws 1896, c. 459, providing for a proportionate division of the "debts owed by a town" on its division into separate municipalities, refers only to debts contracted at the time of the division, and does not render a new town liable to pay its proportionate share of the cost of work performed after the division and chargeable to the old municipality.

Action by Abram Bulson against the town of Green Island. Tried at special term on an agreed statement of fact. Judgment for defendant.

J. S. Frost, for plaintiff.
William F. Hickey, for defendant.

HERRICK, J. The bridge, in operating which the services sued for in this action were rendered, was constructed by the state, over a highway of the state, and is operated by and under the direction of the state. The state, as it had a right to do, provided by chapter 239, Laws 1891, that the expense of operating such bridge should be paid by the town of Watervliet. Except for that provision of the statute, the expense of operating the bridge would be a state expense. By the division of the former town of Watervliet into the town of Colonie, Green Island, and the city of Watervliet, the former town of Watervliet has been extinguished and destroyed, so that the town of Watervliet, as such, no longer exists, and therefore cannot be charged with the expense of operating such bridge. The only question, then, is as to whether the constitutent parts of what was formerly the town of Watervliet can be compelled to pay.

As above stated, the only authority for charging such expense upon the town of Watervliet was the statute. The statute was not a general law, but a special law relating only to this bridge and to the town of Watervliet. It may be said that when a town is extinguished all laws relating to it, so far as the future is concerned, fall with it, only the rights that have accrued under such laws continuing and being protected; but, in addition to this general rule, we have in this case the additional fact that by the law creating the town of Green Island all special laws and parts of special laws relating to the town of Watervliet as it existed before the passage of the act creating such town were repealed so far as they related to the town of Green Island. Thus the very act which imposed this liability upon the town of Watervliet is, as to the town of Green Island, repealed; and these services, having been rendered after the town of Watervliet was divided and extinguished, and after the passage of such repealing act, cannot have

been rendered under or pursuant to such act. Chapter 459 of the Laws of 1896, relating to the apportionment of the debts of towns which have been divided or altered, relates only to the debts due at the time of, or that had been contracted before, such division or alteration; it does not contemplate providing for the payment of debts by a town, created or contracted after such division or alteration.

It seems to me, therefore, that the town of Green Island is not liable for any portion of the services rendered in operating this bridge, which is situated within the limits of the city of Watervliet, and that, therefore, judgment should be rendered in favor of the defendant, and dismissing plaintiff's complaint.